UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  ASHUN SINCER LEWIS,  Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC  OPINION AND ORDER |

*** *** ***

This matter is before the Court on Ashun Sincer Lewis' motion requesting that the Court order his release from prison pursuant to U.S.C. § 3582(c)(1)(A). (DE 1488.) On January 21, 2014, Lewis pleaded guilty to one count of conspiracy to distribute cocaine base and one count of distribution of cocaine base. (DE 866 at 1.) He was subsequently sentenced to 120 months of imprisonment. (DE 866 at 2.) He is currently incarcerated at FCI Manchester. For the following reasons, the Court denies Lewis' motion. (DE 1488).

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

1

the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted).

Here, the Government contends that Lewis has failed to submit a request for compassionate release with the warden of his facility, as confirmed by counsel for the BOP. (DE 1491 at 4.) Therefore, the Government has properly invoked the mandatory condition under the statute. Indeed, Lewis provides no evidence to support that he has made such a request for compassionate release. Without evidence that Lewis made a request or otherwise "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," the Court cannot find that Lewis fulfilled the statute's exhaustion requirements. *See Alam*, 960 F.3d at 832 (citation and quotation marks omitted). Therefore, the Court may not grant Lewis compassionate release.

Accordingly, the Court hereby ORDERS that Defendant Ashun Sincer Lewis' motion for compassionate release (DE 1488) is DENIED.

Dated February 12, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY